UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CHANEL, INC., et al.,

                        Plaintiffs,

-against-

MICHAEL JEAN LOUIS, et. al.,

                        Defendants.

----------------------------------------------------------------X

06-cv-5924 (ARR)(JO)

NOT FOR PRINT
OR ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The court has received the Report and Recommendation ("R&R") on the instant case dated September 26, 2009 from the Honorable James Orenstein, United States Magistrate Judge. Plaintiffs have timely filed limited objections, dated October 14, 2009. Following a *de novo* review of those portions of the R&R which are specifically addressed in the plaintiff's objections, this court adopts the Report and Recommendation as the Decision and Order of this Court with the following modifications.

## BACKGROUND

In a complaint filed on November 1, 2006, plaintiffs Chanel, Inc. ("Chanel") and Louis Vuitton Malletier, S.A. ("Vuitton") accused defendant Michael Jean-Louis ("Jean-Louis") of violating their rights under federal and state trademark protection laws by advertising and selling counterfeit products bearing the plaintiffs' registered trademarks. Specifically, plaintiffs allege that, by the use of his web site, defendant sold handbags and other goods bearing exact copies of

Chanel's marks and trade dress, and handbags and other goods bearing exact copies of Vuitton's marks, thereby counterfeiting and infringing Chanel's and Vuitton's respective trademarks. See Compl. ¶¶ 19-21; 15 U.S.C. § 1114(a). Plaintiffs further claim that defendant's actions deceived both the public and members of the trade into believing that his inferior products are in fact goods produced and approved by Chanel and Vuitton, and thus constituted false designation of origin under the Lanham Act. Compl. ¶¶ 25, 39, 42; 15 U.S.C. § 1125(a). Plaintiff Vuitton alleges copyright infringement in violation of 17 U.S.C. § 501, alleging that defendant and his associates used copyrighted photographs of its bags taken from its web site to advertise their products, and used Vuitton's copyrighted patterns in the counterfeit bags they sold. Compl. ¶ 50-54; Pls.' Mot. for Default Judgment, Ex. F. Plaintiff Vuitton also alleges patent infringement in violation of 35 U.S.C. § 271. Compl. ¶ 55-60. Vuitton alleges that defendant and his associates sold bags that were identical to its patented designs. Compl. 57; Pls.' Mot. for Default Judgment, Ex. G.

Plaintiffs filed a complaint on November 1, 2006. Defendant was served with the Summons and Complaint on February 7, 2007. Defendant never responded. On April 6, 2007, pursuant to a deadline set by Judge Orenstein, plaintiffs filed an ex parte Motion for Default Judgment against Jean-Louis, requesting that the Clerk enter a notion of default against defendant. The Clerk noted defendant's default on April 10, 2007, and I then referred the matter to Judge Orenstein for a report and recommendation. The plaintiffs moved for default judgment on November 20, 2007, seeking both injunctive relief, and a total statutory damages award of $192,000 for Chanel and $531,750 for Vuitton. Pls.' Mot. for Default Judgment at 17-18, 20-21. The plaintiffs also requested costs.

Judge Orenstein found that the plaintiffs had alleged sufficient facts to state a valid cause of action for either trademark infringement or false designation of origin under the Lanham Act. R&R at 8. Because plaintiffs elected to recover an award of statutory damages from defendant's Lanham Act violations, Judge Orenstein recommended that the court award $3,000 for each infringing item that the plaintiffs proved Jean-Louis marketed through BestDeluxe.com, amounting to $111,000 for plaintiff Chanel, and $90,000 for plaintiff Vuitton. R&R at 15-18. Plaintiffs have not objected to this portion of the R&R.

Judge Orenstein also found that plaintiff Vuitton pleaded no facts alleging that Jean-Louis is selling or has sold specific goods containing Vuitton's copyrighted patterns, or that defendant has used any specific copyrighted photographs on any of the three web sites in question. R&R at 18. Rather, Judge Orenstein found that the complaint simply put forth vague allegations - only that the defendant has "infringed and will continue to infringe the LV copyrights at least by copying, selling, advertising, reproducing and place into a chain of distribution, unauthorized copies or derivations of Vuitton's copyrighted works . . . ." Compl. ¶ 52. Accordingly, Judge Orenstein found that Vuitton has not sufficiently pleaded a claim under 17 U.S.C. § 106. R&R at 19.

Judge Orenstein found plaintiff Vuitton's patent claims under 35 U.S.C. § 271 to suffer from the same infirmity as its copyright claims. R&R at 19. Judge Orenstein found that Vuitton's allegations that defendant is "importing or manufacturing, using, advertising, selling, offering for sale and distributing handbags which are indistinguishable from Vuitton's patented designs," compl. ¶ 57, were merely conclusory, and lack a sufficient factual basis for a finding of liability. R&R at 19.

With respect to plaintiffs' request that the court permanently enjoin Jean-Louis, Judge Orenstein found that the record demonstrates that defendant's sale of counterfeit Chanel and Vuitton products, if continued, is likely to cause confusion in the minds of consumers as to the origin of the goods, but found that the record is not clear that defendant's infringing conduct is likely to continue absent injunctive relief. R&R at 20. Judge Orenstein based his recommendation that the court deny plaintiffs' request for injunctive relief on the fact that plaintiffs failed to establish that the defendant owned and operated OfficialBag.com and OfficialBag.net, the latter of which was the only site still offering counterfeit Chanel and Vuitton goods in violation of the pertinent trademarks at the time the R&R was issued. R&R at 20.

Finally, Judge Orenstein recommended that the plaintiffs be awarded costs, but recommended that because plaintiffs failed to inform the court of the amount requested for attorneys' fees, and because plaintiffs failed to present any evidence concerning attorneys' fees, the request be denied. R&R at 22.

On October 14, 2009, plaintiffs filed objections to the R&R pursuant to Fed. R. Civ. Proc. Rule 72(b)(2), raising four objections. First, plaintiffs argue that Vuitton's allegations of copyright infringement were well-pled and established the defendant's liability upon default. Pls.'s Objections at 5. Second, plaintiffs argue that Vuitton's allegations of design patent infringement were similarly well-pled, and established the defendant's liability upon default. Pls.'s Objections at 8. Third, plaintiffs argue that entry of a permanent injunction is appropriate and necessary, and that plaintiffs have demonstrated defendant's link to two of the websites in question, OfficialBag.com and OfficiaBag.net. Pls.'s Objections at 10. Finally, plaintiffs argue that the full amount of attorneys' fees expended could not be known until objections to the Magistrate Judge's report and recommendation were completed, and that their intention was to

file an attorneys' fee affidavit if the court determined Vuitton's entitlement thereto. Pls.'s Objections at 16. Thus, plaintiffs request to be able to submit an attorneys' fee request as part of its request for costs within thirty days after entry of judgment in this case.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In accordance with the dictates of 28 U.S.C. § 636(b)(1), this court has conducted a *de novo* review of those portions of the R&R which are specifically addressed in the plaintiff's objections. As explained below, I conclude that plaintiff Vuitton is not entitled to damages with respect to its copyright and patent infringement claims, but that plaintiffs are entitled to a permanent injunction. Additionally, I conclude that plaintiffs are not entitled to submit to the court the amount of attorneys' fees requested following an entry of final judgment.

### A. Plaintiff Vuitton's Copyright Infringement Claims

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. Fed. R. Civ. P. 8(b)(6); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). As stated in the R&R, default does not establish conclusory allegations; rather, it remains the plaintiffs' burden to establish that the

5

uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. R&R at 6 (citing Directv, Inc. v. Neznak, 371 F. Supp. 2d 130, 132-33 (D.Conn. 2005); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 4098 U.S. 363 (1973); Greyhound Exhibitgroup, Inc., 973 F.2d at 159). The Second Circuit has also held that "a district court has discretion . . . once default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); see also Atlantic Recording Corp., et al. v. Brennan, 534 F. Supp. 2d 278, 280 (D.Conn., 2008). When deciding a motion for default judgment, courts have also looked to recent precedent with regard to surviving a Rule 12(b)(6) motion to dismiss, under which a complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." Atlantic Recording Corp., 534 F. Supp. 2d at 283 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Section 501 provides the owner of a copyright with a cause of action for infringement against "anyone who violates any of the exclusive rights of the copyright owner . . . ." 17 U.S.C. § 501(a). In their complaint, plaintiffs have identified Vuitton's ownership of various copyright registrations, Vuitton's exclusive right to use those works, and the defendant's lack of authority to use such works for any purpose. Compl. ¶¶ 9, 11. However, Judge Orenstein found no specific factual basis in the complaint supporting a finding of liability on Vuitton's copyright claims. Specifically, Judge Orenstein found that the Vuitton had pleaded no facts alleging that Jean-Louis is selling or has sold specific goods containing Vuitton's copyrighted patterns, or that defendant has used any specific copyrighted photographs on any of the three web sites in question. R&R at 18. Judge Orenstein noted that while a perusal of the web site printouts

provided by plaintiffs reveals several products with a similar pattern to copyrighted patterns, Vuitton failed to plead or prove that the patterns are in fact the same as the copyrighted patterns and thus an infringement of the copyrights. R&R at 18 n.7.

While I find that plaintiff Vuitton has pleaded sufficient facts under the above standard for a finding of liability,[1] I find that plaintiffs did not submit sufficient information to the Magistrate Judge to meet their burden with respect to damages. As stated above, although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to the amount of damages are not. See Greyhound Exhibitgroup, 973 F.2d at 158. Once the court is satisfied that the facts alleged state a valid cause of action, the plaintiff must prove its damages to a "reasonable certainty" – the defendant's default does not relieve the plaintiff of this burden. Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir.1997)). Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing. Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir.1991); Credit Lyonnais, 183 F.3d at 155.

Judge Orenstein was properly frustrated by plaintiffs' failure to provide a clear indication in their pleadings, motion for default judgment, and additional submissions as to which of plaintiff's copyrights defendant specifically violated. Instead, the plaintiffs placed the burden on the court to determine which bags and images from various website printouts correlated to which registered copyrights, a burden the Magistrate Judge properly declined to shoulder. The Magistrate Judge was thus unable to establish the amount of damages with reasonable certainty.

---

[1] Specifically, plaintiffs' complaint alleges that defendant reproduces, distributes, offers to sell and sells "copies of the designs protected by the LV copyrights and LV Design Patents." Compl. ¶ 21.

The plaintiffs have submitted a chart with their objections to the R&R which provides specific instances where registered copyrights are marketed by the websites in question. Plaintiffs submit that this chart does not constitute new evidence, but rather a more concise summary of evidence already presented. Pls.' Objections at 9-10 and Ex. B.1. I remain unconvinced. Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and courts have upheld the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994)). While a district court *may* receive further evidence under Fed. R. Civ. P. 72(b), I decline to do so. Accordingly, I find that plaintiff Vuitton is not entitled to damages on its copyright claims.

B. <u>Plaintiff Vuitton's Patent Infringement Claim</u>

Plaintiff Vuitton further alleged that defendant infringed on its design patents in violation of 35 U.S.C. § 217. Compl. ¶ 59. Judge Orenstein found that plaintiff Vuitton had not sufficiently pleaded defendant's unauthorized use of its patented designs, and failed to demonstrate that the products depicted in the printouts from defendant's website were in fact the same patented Vuitton products. R&R at 19. Similar to his finding with respect to plaintiff's copyright claims, Judge Orenstein was right to express frustration with plaintiffs' failure to provide the court with sufficient information to determine which of defendant's actions actually infringed upon plaintiff's patented designs. While I find the pleadings and defendant's subsequent default to establish defendant's liability with respect to plaintiff Vuitton's patent infringement claims, I find that plaintiff failed to provide the Magistrate Judge with sufficient

8

evidence for a finding of damages with "reasonable certainty." Credit Lyonnais, 183 F.3d at 155. Although plaintiffs have submitted evidence with their objections to this court showing which design patents appear on the websites in question, Pls.'s Objections, Ex. B.1, I decline to consider such evidence. See Hynes, 143 F.3d at 656. Accordingly, I find that plaintiff Vuitton is not entitled to damages on its patent infringement claims.

C. Injunctive Relief

In his R&R, Judge Orenstein found that while plaintiffs have shown that defendant's sale of counterfeit Chanel and Louis Vuitton products, if continued, is likely to cause confusion in the minds of consumers as to the origin of his goods, plaintiffs failed to prove that defendant continues to infringe their rights. R&R at 20-21. Judge Orenstein based this recommendation on the fact that plaintiffs failed to establish that the defendant owned and operated OfficialBag.com and OfficialBag.net, the latter of which was the only website still offering counterfeit Chanel and Vuitton goods in violation of the pertinent trademarks at the time the R&R was issued. R&R at 20. Plaintiffs object to this finding, and argue that defendant's liability, established by default, and the continuing sale of plaintiffs' marks on OfficialBag.net are sufficient to warrant the entry of a permanent injunction. (Pls.' Objections at 12.)

Plaintiffs rely on the declaration of their investigator, Robert Holmes, to establish the link between Jean-Louis and OfficialBag.net and OfficialBag.com. In attempting to establish that defendant owns and operates the two websites, Holmes cites (1) a telephone call from Jean-Louis' mobile telephone regarding a sale made on OfficialBag.net; (2) a postmark on the package for a handbag shipped by OfficialBag.net revealing that it originated in the "Defendant's actual neighborhood" in Queens, New York, and (3) that the payee identified during the

9

undercover purchase from OfficialBag.net was "Direct Western," and that a public image directory on BestDeluxe.com (which plaintiffs have shown to be owned and operated by defendant) contains stored web content from the website "DirectWestern.com." Pls.' Mot. For Default Judgment, Ex. H, Holmes Dec. ¶ 10-14.

When a copyright or trademark plaintiff has established liability and a threat of continuing infringement, he is entitled to an injunction. See Blue Ribbon Pet Prod., Inc.. v. Rolf C. Hagen (USA) Corp., 66 F. Supp. 2d 454, 464 (E.D.N.Y. 1999); see also U2 Home Entm't, Inc. v. Fu Shun Wang, 482 F. Supp. 2d 314, 319 (E.D.N.Y. 2007); Nimmer on Copyright, § 14.06[B] (Dec. 1997) (stating that it is an abuse of discretion to deny permanent injunction where plaintiff has proven liability and threat of continuing infringement). As noted above, when a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. See Finkel, 577 F.3d at 83 n.6 (citing Greyhound Exhibitgroup, 973 F.2d at 158). Judge Orenstein found that defendant conceded liability with respect to his operation of OfficialBag.net. R&R at 20. Similarly, I find that the complaint and declaration provided by plaintiffs' investigator, together with defendant's default, are sufficient for a finding of liability with respect to OfficialBag.net.[2]

Once defendant's liability has been established, all plaintiffs need to show is a threat of a continuing infringement. Blue Ribbon Pet Prod., 66 F. Supp. 2d at 464. Because plaintiffs have shown that their protected marks and copyrights continue to be marketed on OfficialBag.net,[3] a threat of continuing infringement exists. Accordingly, plaintiffs are entitled to injunctive relief.

---

[2] Such a finding does not affect the damages plaintiffs are entitled to under Count I of the complaint, as plaintiffs have not objected to that portion of the R&R. Additionally, Judge Orenstein noted that plaintiffs failed to make any findings with respect to OfficialBag.com sufficient to show that defendant owned and operated that website. R&R at 4. I adopt this finding.

[3] The R&R states that OfficialBag.net continued to market plaintiffs' products as of September 25, 2009. I note that as of the date of this Order, the website continues to do so.

D. Costs and Attorneys' Fees

Plaintiffs also seek "reasonable attorney's fees" as part of the reimbursement of their costs pursuant to Section 505 of the Copyright Act. 17 U.S.C. § 505 ("... the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). Judge Orenstein recommended that because plaintiffs failed to inform the court of the amount they request or present any evidence concerning attorneys' fees, their request should be denied. See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir.1983) (finding that all requests for attorneys' fees in this Circuit must be accompanied by contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done").

Plaintiffs first state that "it was Vuitton's intention to file its attorneys' fee affidavit regarding its requested attorneys' fee award if the Court determined Vuitton's entitlement thereto." Pls.' Objections at 16. They further argue that because the Copyright Act specifically states that attorneys' fees may be awarded "as part of the costs," the court should allow plaintiff Vuitton to submit a request for attorneys' fees as part of its requests for costs within thirty days after entry of final judgment in this case pursuant to Local Rule 54.1.

Nowhere in its Memorandum in Support of its Motion for Entry of Default do plaintiffs make clear that they simply sought an indication from the court that it was entitled to attorneys' fees and that it would subsequently submit the contemporaneous time records required for such an award. In fact, in its requested relief, plaintiffs do not even mention attorneys' fees as part of the costs they seek to recover. Pls.' Mot. for Default Judgment at 21-22. Additionally, Local Rule 54.1 specifically states that "[a]ttorney fees and disbursements and other related fees and

paralegal expenses are not taxable except by order of the court," Local Civil Rule 54.1, an order they did not specifically seek.

Accordingly, I adopt the R&R with respect to Judge Orenstein's recommendation as to the denial of plaintiffs' request for an unspecified amount of attorneys' fees.

## CONCLUSION

For the reasons set forth above, I adopt Magistrate Judge Orenstein's Report and Recommendation, dated March 10, 2008, with the abovementioned modifications, as the opinion of the Court. See 28 U.S.C. § 636(b)(1). Judgment will be entered in favor of plaintiffs Chanel, Inc. and Louis Vuitton Malletier, S.A., and against defendant Michael Jean-Louis in the amount of $110,000 for plaintiff Chanel, $90,000 for plaintiff Vuitton, and costs in the amount of $525 to be shared by both plaintiffs, as specified above. Plaintiffs' request for reasonable attorneys' fees are denied. Plaintiffs are directed to submit a proposed form of Final Judgment and Permanent Injunction within ten (10) days from entry of this Order.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: December 7, 2009
Brooklyn, New York